# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| ALEX LATTIMORE, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:22-CV-900-TLS-MGG |
| KOSCIUSKO COUNTY SHERIFF, QUALITY CORRECTIONAL CARE, LLC, CANDIE HUPP, JERRAD JONES, KEATON SCHOPF, and GORDON NASH, | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on Defendants Jerrad Jones, Keaton Schopf, and Gordon Nash's Motion to Dismiss [ECF No. 29], filed on October 3, 2023, which is fully briefed and ripe for ruling. For the reasons set forth below, the Court denies the motion.

## BACKGROUND

On October 26, 2022, the Plaintiff filed a Complaint [ECF No. 1] against Defendants Kosciusko County Sheriff and John Does/Jane Does (unidentified Kosciusko County Jail employees). On July 17, 2023, he filed the Plaintiff's Motion for Leave to File First Amended Complaint [ECF No. 16] accompanied by his proposed first amended complaint that added Defendants Quality Correctional Care, LLC, Candie Hupp, Jerrad Jones, Keaton Schopf, and Gordon Nash. On August 1, 2023, the Court entered an Order [ECF No. 18], granting the Plaintiff's motion, and the Plaintiff filed his First Amended Complaint [ECF No. 19] on August 3, 2023.

In his First Amended Complaint, as is relevant to the instant motion, the Plaintiff alleges that while in the custody of the Kosciusko County Jail as a pretrial detainee, on July 15, 2021, he

was assaulted by another inmate, resulting in profuse bleeding, a broken or displaced jaw, and extreme pain. *See* Am. Compl. ¶¶ 1, 8. The Plaintiff also alleges that Defendants Jones, Schopf, and Nash, all Kosciusko County Jail confinement personnel, denied him adequate medical care for his serious medical condition and serious medical needs in violation of the Fourteenth Amendment and/or Eighth Amendment, bringing his claims against these Defendants under 42 U.S.C § 1983. *Id*. ¶ 5. As a result of his injuries, the Plaintiff is requesting "compensatory damages, punitive damages (where available), reasonable attorneys' fees and costs, and for all other just and proper relief in the premises." *Id*. at 8.

On October 3, 2023, Defendants Jones, Schopf, and Nash moved to partially dismiss the Plaintiff's First Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the Plaintiff's § 1983 claims against them are barred by the applicable statute of limitations. ECF No. 29. The Plaintiff responded [ECF No. 31] on October 12, 2023, and the Defendants filed a reply [ECF No. 33] on October 19, 2023.

**LEGAL STANDARD**

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Also, the Seventh Circuit Court of Appeals has recognized that a motion to dismiss based on the statute of limitations defense qualifies as a motion to dismiss for failure to state a claim. *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) (citing *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005)). Thus, if the factual allegations of the complaint establish that the suit is time-barred, a plaintiff may plead himself out of court. *See Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011).

## ANALYSIS

In the instant motion, Defendants Jones, Schopf, and Nash argue that the Plaintiff's § 1983 claims against them are barred by the applicable statute of limitations. When determining the statute of limitations for claims brought under 42 U.S.C. § 1983, federal courts apply the forum state's statute of limitations for constitutional and personal injury claims. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). In Indiana, the applicable statute of limitations period is two years. *Id.*; Ind. Code § 34-11-2-4(a). The accrual of § 1983 claims is governed by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Accrual of § 1983 claims occurs "when the plaintiff has a complete and present cause of action, . . . that is, when the plaintiff can file suit and obtain relief." *Id.* (cleaned up). In other words, "a personal injury claim raised under § 1983 accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Regains v. City of Chicago*, 918 F.3d 529, 533 (7th Cir. 2019) (quoting *Serino v. Hensley*, 735 F.3d 888, 591 (7th Cir. 2013)).

Here, the Plaintiff alleges that—while at the Kosciusko County Jail as a pretrial detainee—he was assaulted by another inmate on July 15, 2021, causing a broken or displaced

3

jaw, profuse bleeding, and extreme pain for which he was not provided medical attention by Kosciusko County Jail employees Jones, Schopf, and Nash. To bring § 1983 claims based on those injuries against Defendants Jones, Schopf, and Nash, the parties agree that the Plaintiff was required to file his complaint against them within two years of his injury, which was by July 17, 2023.[1]

The Defendants Jones, Schopf, and Nash argue that the Plaintiff's § 1983 claims against them are barred by the statute of limitations because the Plaintiff's First Amended Complaint, adding them as Defendants for the first time, was not filed until August 3, 2023—after the statute of limitations expired. However, the Plaintiff highlights that on July 17, 2023, he filed his Motion for Leave to File First Amended Complaint, accompanied by his proposed first amended complaint with Jones, Schopf, and Nash added to this suit; and he points out that the Court granted the leave on August 1, 2023.[2] As a result, the Plaintiff contends that his claims against Jones, Schopf, and Nash were timely filed on July 17, 2023, because he could have filed an amended complaint in due course without the leave of the Court, citing Fed. R. Civ. R. 15(a)(1).[3] Although the Court agrees with the Plaintiff that his claims against Jones, Schopf, and Nash were timely filed, its reasoning differs as set forth below.

---

[1] This is because July 15, 2023, fell on a Saturday, and Rule 6(a)(1)(C) specifies that "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Therefore, the statute of limitations continued to run until the end of the day on Monday, July 17, 2023.

[2] To the extent that the Plaintiff requests in his response that the Court date the filing of his Amended Complaint with the date that he filed his proposed amended complaint on July 17, 2023, the Court declines to address this request because it was not filed in a separate motion. *See* N.D. Ind. L.R. 7-1(a) ("[M]otions must be filed separately."). As a result, the Court also declines to address the Defendants' argument made in their reply that such an order would be an improper nunc pro tunc order.

[3] Although the Defendants argue in their reply that the Plaintiff has waived his argument on this point for not citing to pertinent legal authority, the Court in an exercise of discretion addresses this issue on the merits.

4

"[T]he submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion." *Moore v. Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993); see *Eaton Corp. v. Appliance Valves Co.*, 634 F. Supp. 974, 982–83 (N.D. Ind. 1984) (explaining that when "the plaintiff has filed [a] proposed amended complaint accompanied by a motion for leave to amend within the statutory period, the statute of limitations is tolled even though the court order granting leave to amend and the technical filing of the amended complaint occur after the running of the statute of limitations"); *Garcia v. City of E. Chi. Common Council*, No. 2:16-CV-321, 2017 WL 1325429, at *2 (N.D. Ind. Apr. 10, 2017) ("In the Seventh Circuit Court of Appeals, the statute of limitations is tolled to account for the time it takes a court to rule on a motion for leave to file an amended complaint when the proposed amended complaint is attached to the motion for leave to amend."). This is because "once leave to amend has been requested and a proposed complaint is on file, the plaintiff has taken those steps within his power to toll the statute and must await the appropriate court order." *Eaton Corp.*, 634 F. Supp. at 983.

In this case, the Court finds that the statute of limitations was tolled until August 3, 2023. This is because the Plaintiff filed the Motion for Leave to File First Amended Complaint—accompanied by his proposed first amended complaint with Jones, Schopf, and Nash added to the instant action—on July 17, 2023, before the statute of limitations expired; the Court granted that motion on August 1, 2023, ordering that the Plaintiff filed the First Amended Complaint by August 8, 2023; and the Plaintiff filed his First Amended Complaint on August 3, 2023. Consequently, the Plaintiff timely filed his § 1983 claims against Jones, Schopf, and Nash. Accordingly, the Court denies the Defendants' motion. Thus, the Court need not address the

Defendants arguments that "relation back" to the Plaintiff's original complaint under Rule 15(c) is inapplicable in this case.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Defendants Jerrad Jones, Keaton Schopf, and Gordon Nash's Motion to Dismiss [ECF No. 29] and DENIES as moot the Plaintiff's Motion for Leave to File Sur-Response [ECF No. 34].

SO ORDERED on May 15, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT